THE HONORABLE KATE VAUGHN

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH COGHILL, AND MAXWELL TAMMEN, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GERBER PAYROLL SERVICES. a Foreign Profit Corporation; JOSH LIGER, in his official and individual capacities; BOYD GROUP SERVICES, INC.<br><br>Defendant. | Case No.: 2:25-cv-00759<br><br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES |

Plaintiffs claim against Defendant as follows:

### I.  NATURE OF ACTION

1.1. Plaintiffs Kenneth Coghill, and Maxwell Tammen, individually, and on behalf of all individuals currently or formerly employed by Defendant in Washington State in positions paid on a piecework, commissions, or other productivity basis, bring this action for money damages and statutory penalties for violations of Washington Industrial Welfare Act ("IWA"), RCW 49.12, Minimum Wage Act ("MWA"), RCW 49.46, Wage Payment Act ("WPA"), RCW 49.48, Wage Rebate Act

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 1

**NOLAN LIM LAW FIRM, PS**
**1111 THIRD AVE SUITE 1850**
**SEATTLE, WA 98101**
**(206)963-9130**

("WRA"), RCW 49.52, and Seattle Municipal Code (SMC) 14.20 ("Seattle Wage Theft Ordinance"), and RCW 49.60.

## II.   JURISDICTION AND VENUE

2.1.  The Superior Court of Washington has jurisdiction of Plaintiffs' claims pursuant to RCW 2.08.010.

2.2.  Venue in King County is appropriate pursuant to RCW 4.12.025.

2.3.  Defendant transacts business in King County and the greatest number of Defendant Gerber's locations reside in King County.

2.4.  Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because more than two-thirds of the members of the proposed plaintiff class in the aggregate are citizens of Washington; significant relief is sought from Defendant by members of the plaintiff class; the alleged conduct of Defendant forms a significant basis for the claims asserted by the proposed plaintiff class; Defendant Liger is a citizen of Washington; the principal injuries resulting from the alleged conduct or any related conduct of Defendant were incurred in Washington; and during the three-year period preceding the filing of this action, no other class action has been filed asserting same or similar factual allegations against Defendant on behalf of the same or other persons. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(B), because two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary Defendant are citizens of the state of Washington.

## III.   PARTIES

3.1.  Defendant Gerber Payroll Services operates locations and serves customers throughout Washington including Snohomish, King, and Pierce County.  Gerber is an employer for the purposes of the IWA, MWA, WPA, WRA, and WLAD.

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 2

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

3.2. Upon information and belief, Gerber Payroll Services is a subsidiary of Boyd Group Services, which is headquartered in Winnipeg, Manitoba.

3.3. Defendant, Joshua Liger, is an individual who is a Washington Resident. Defendant Joshua Liger is sued in his individual capacity as an "employer" within the meaning of RCW 49.52.050, RCW 49.46 et seq., RCW 49.48 et seq., and RCW 49.12 et seq. At all relevant times, Defendant Liger exercised control over the work, wages, and employment practices of Plaintiff and other employees. Upon information and belief, Mr. Liger as the "Market Manager" of Gerber possessed the authority to hire and fire employees, supervise and direct their work, set rates of pay, and make decisions regarding compensation and payroll practices. Mr. Liger directly participated in the termination of Plaintiff, Coghill's employment. As such, Defendant Liger acted directly or indirectly in the interest of the employer and is individually liable under Washington law for any willful withholding of wages or other violations of wage and hour statutes.

3.4. Plaintiff Kenneth Coghill, hereafter "Coghill", is a resident of Washington.

3.5. Plaintiff Maxwell Tammer, hereinafter "Tammer", is a resident of Washington.

## IV. FACTUAL ALLEGATIONS

4.1. Plaintiffs and members of the putative class are or were employed by Defendant in Washington state in positions paid on a piecework, commissions, or other productivity basis.

4.2. Defendant created and maintained work schedules and a working environment that discouraged Plaintiffs and members of the putative class from taking meal and rest periods in compliance with Washington law.

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 3

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

4.3. Defendant failed to keep records of the occurrence, time, duration of paid rest periods.

4.4. At times, Plaintiffs and members of the putative class were required to work more than three consecutive hours without a rest period.

4.5. Plaintiffs and members of the putative class were not scheduled for and, at times, did not take a rest period in a duration of at least ten minutes, on the employer's time, for every four hours worked.

4.6. Defendant failed to establish and maintain a process for Plaintiffs and members of the putative class to report and be paid for instances of when they were required to work over three consecutive hours without a rest period, when they did not receive a rest period in at least a ten-minute duration, or when they failed to receive a rest period of at least ten minutes in length for each four hours worked.

4.7. Defendant did not compensate Plaintiffs and members of the putative class for an additional ten minutes of work, at their regular rate of pay, for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

4.8. Defendant did not compensate Plaintiffs and members of the putative class for rest periods separately and in addition to the piecework, commission, and/or other productivity-based wages.

4.9. There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Defendant needed to compensate Plaintiffs and members of the putative class with an additional ten minutes of work, at their regular rate of pay, for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes,

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 4

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

or did not provide a rest period of at least ten minutes in duration for each four hours worked.

4.10. Defendant's failure to compensate Plaintiffs and members of the putative class with an additional ten minutes of work, at their regular rate of pay, for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked was intentional and deliberate and was not the result of administrative or clerical errors.

4.11. Defendant created and maintained work schedules, job requirements, and a working environment that discouraged Plaintiffs and members of the putative class from taking meal periods in compliance with Washington law.

4.12. Plaintiffs and members of the putative class frequently worked shifts greater than five hours in duration, and at times were not scheduled for, were not provided with, did not take, and did not waive their rights to thirty-minute meal periods.

4.13. At times, Defendant failed to provide Plaintiffs and members of the putative class with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts.

4.14. Defendant failed to establish and maintain a process for Plaintiffs and members of the putative class to report and be compensated for instances of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.15. Defendant failed to compensate Plaintiffs and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 5

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.16. There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Defendant needed to compensate Plaintiffs and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.17. Defendant's failure to compensate Plaintiffs and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours and no more than five hours from beginning of their shift for shifts greater than five hours in duration,  or when they were otherwise required to work over five consecutive hours without or between meal periods was intentional and deliberate and was not the result of administrative or clerical errors.

4.18. At times, Plaintiffs and members of the putative class were absent from work resulting from:

(1) personal mental or physical illness, injury, or health condition;

(2) medical diagnosis, care, or treatment of a mental or physical illness, injury, or health condition;

(3) preventative medical care;

(4) care for a family member with a mental or physical illness, injury, or health condition;

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 6

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

(5) care for a family member who needs medical diagnosis, care, or treatment of a mental or physical illness, injury, or health condition;

(6) care of a family member who needs preventative medical care;

(7) Defendant's business being closed by order of a public official for any health-related reason, such as COVID;

(8) child's school or place of care being closed for any health-related reason, such as COVID; or

(9) leave under the domestic violence leave act, chapter 49.76 RCW.

4.19. Plaintiffs' counsel is experienced in complex wage and hour class action litigation and has been appointed Class Counsel in similar cases.

4.20. Plaintiffs' counsel has adequate financial resources to prosecute this claim through trial and beyond.

## V. CLASS ACTION ALLEGATIONS

5.1. Pursuant to Civil Rule 23, Plaintiffs bring this case as a class action against Defendant on behalf of a Class as defined as follows:

> All individuals who are or were employed by Defendant in Washington State in positions paid on a piecework, commission, or other productivity basis from January 10, 2020, through the final resolution of this case.

5.2. This action is properly maintainable as a class action under CR 23(a) and (b)(3).

5.3. The number of putative class members exceeds forty and therefore, pursuant to CR 23(a)(1), it is impracticable to join all of the members of the class as defined herein as named plaintiffs.

5.4. Pursuant to CR 23(a)(2), there are common questions of law and fact among Plaintiffs and members of the putative class including, but not limited to:

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 7

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

1  (1) Whether Defendant was required to keep records of the occurrence, time and duration of rest periods provided to Plaintiffs and members of the putative class;

(2) whether Defendant failed to keep records of the occurrence, time and duration of rest periods;

(3) whether Defendant required Plaintiffs and members of the putative class to work greater than three consecutive hours without a rest period;

(4) whether Defendant failed to ensure Plaintiffs and members of the putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked;

(5) whether Defendant was required to compensate Plaintiffs and members of the putative class for an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration, on the employer's time, for each four hours worked;

(6) whether Defendant failed to compensate Plaintiffs and members of the putative class for an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration, on the employer's time, for each four hours worked;

(7) whether Defendant was required to compensate Plaintiffs and members of the putative class for rest periods separately and in addition to the piecework, commission, and/or other productivity-based wages;

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 8

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

(8)  whether Defendant failed to compensate Plaintiffs and members of the putative class for rest periods separately and in addition to the piecework, commission, and/or other productivity-based wages;

(9)  whether Defendant was required to provide Plaintiffs and members of the putative class with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts;

(10)  whether Defendant failed to provide Plaintiffs and members of the putative class with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts;

(11)  whether Defendant was required to provide second meal periods in a duration of at least thirty minutes for shifts greater than ten and one-half hours in duration or otherwise required Plaintiffs and members of the putative class to work greater than five consecutive hours without or between meal periods;

(12)  whether Defendant failed to provide second meal periods in a duration of at least thirty minutes for shifts greater than ten and one-half hours in duration or otherwise required Plaintiffs and members of the putative class to work greater than five consecutive hours without or between meal periods;

(13)  whether Defendant was required to compensate Plaintiffs and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods;

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 9

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

(14) whether Defendant failed to compensate Plaintiffs and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, , or when they were otherwise required to work over five consecutive hours without or between meal periods;

(15) whether Defendant acted willfully and with the intent of depriving wages or other compensation.

5.5. Pursuant to CR 23(a)(3), the named Plaintiffs' claims are typical of the claims of all class members and of Defendant's anticipated defenses thereto.

5.6. The named Plaintiffs and their counsel will fairly and adequately protect the interests of the class as required by CR 23(a)(4).

5.7. Pursuant to CR 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI. FIRST CAUSE OF ACTION – FAILURE TO ACCRUE AND ALLOW THE USE OF PAID SICK LEAVE IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT

6.1. Plaintiffs restate and reallege the allegations set forth in all preceding paragraphs.

6.2. The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620 requires that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 10

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

6.3. Defendant violated the MWA by failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and members of the putative class.

6.4. Pursuant to RCW 49.46.200, Defendant must compensate Plaintiffs and members of the putative class for sick leave at the employee's regular and normal wage;

6.5. As a result of Defendant's acts and omissions, Plaintiffs and members of the putative class have been damaged in amounts as will be proven at trial.

### VII. SECOND CAUSE OF ACTION – CLASSWIDE FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO COMPENSATE FOR VIOLATIONS OF THE WASHINGTON MINIMUM WAGE ACT

7.1. Plaintiffs restate and reallege the allegations set forth in all preceding paragraphs .

7.2. The Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, require employers to provide thirty-minute meal periods to their employees for work shifts greater than five hours in length and prohibits employees from working more than five consecutive hours without a meal period.

7.3. Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

7.4. A meal period violation is a wage violation with employees entitled to thirty minutes of additional compensation for each instance they are required to work more than five consecutive hours without a compliant meal period. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018), citing *Hill v. Garda CL Nw., Inc.*, 198 Wn. App 326, 361 (2017).

7.5. Defendant violated the Industrial Welfare Act and its implementing regulation by failing to provide Plaintiffs and members of the putative class with compliant thirty-

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 11

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

minute meal periods and by creating work schedules, staffing levels and conditions of work that discouraged compliant meal periods.

7.6. Defendant violated the Minimum Wage Act and SMC 14.20 when it failed to compensate Plaintiffs and members of the putative class for thirty minutes of work for each it did not provide a meal period in a duration of thirty minutes commencing between the second and fifth hour from the start of their shift or when it required them to work greater than five consecutive hours without or between meal periods.

7.7. As a result of Defendant's acts and omissions, Plaintiffs and members of the putative class have been damaged in amounts as will be proven at trial.

VIII. **THIRD CAUSE OF ACTION – CLASSWIDE FAILURE ENSURE REST PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO COMPENSATE FOR VIOLATIONS IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT**

8.1. Plaintiffs restate and reallege the allegations set forth in all preceding paragraphs

8.2. The Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, require employers to provide a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.

8.3. Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

8.4. A rest period violation is a wage violation with employees entitled to ten minutes of additional compensation for each instance they are required or allowed to work longer than three consecutive hours without a rest break. *Id* at 849.

8.5. Defendant violated the Industrial Welfare Act and its implementing regulation by failing to ensure Plaintiffs and members of the putative class received a ten-minute paid rest period for every four hours worked and by failing to keep records of the occurrence, time and duration of rest periods taken, by failing to implement a process

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 12

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

for Plaintiffs and members of the putative class to report missed or otherwise noncompliant rest periods and by creating work schedules, staffing levels and conditions of work that discouraged paid rest periods.

8.6. Defendant violated the Minimum Wage Act and SMC 14.20 when it failed to compensate Plaintiffs and members of the putative class for an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

8.7. Defendant violated the Industrial Welfare Act, the Minimum Wage Act, and SMC 14.20 when it failed to compensate Plaintiffs and members of the putative class for rest periods separately and in addition to piecework, commission, and/or other productivity-based wages.

8.8. As a result of Defendant's acts and omissions, Plaintiffs and members of the putative class have been damaged in amounts as will be proven at trial.

### IX. FOURTH CAUSE OF ACTION – CLASSWIDE WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF THE WASHINGTON WAGE REBATE ACT

9.1. Plaintiffs restate and reallege the allegations set forth in all preceding paragraphs.

9.2. By the foregoing, Defendant's actions constitute willful withholding of wages due in violation of RCW 49.52.050 and 070.

9.3. As a result of Defendant's acts and omissions, Plaintiffs and members of the putative class have been damaged in amounts as will be proven at trial.

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 13

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

## X. FIFTH CAUSE OF ACTION FAILURE TO PAY OVERTIME VIOLATION OF RCW 49.60.130

10.1. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2. RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10.3. By the actions alleged above, Defendants have violated the provisions of RCW 49.46.130.

10.4. As a result of the unlawful acts of Defendants, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

## XI. SIXTH CAUSE OF ACTION UNPAID WAGES ON TERMINATION VIOLATION OF RCW 49.48.010

12.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraph.

12.2 RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further provides that "[i]t shall be unlawful for any employer to withhold or divert any portion of an employee's wages . . . ."

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 14

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

12.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010 by failing to pay wages to Plaintiffs and Class members for paid sick leave, by failing to pay wages to Plaintiffs and Class members for all hours of work, and by failing to pay overtime wages to Plaintiffs and Class members.

12.4 As a result of the unlawful acts of Defendants, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court enter an order against Defendant granting the following relief:

A. Certification of this case as a class action pursuant to CR 23(a) and (b)(3);

B. Damages for unpaid wages in amounts to be proven at trial;

C. Exemplary damages pursuant to RCW 49.52.070;

D. Treble Damages pursuant to SMC 14.20;

E. Attorneys' fees and costs pursuant to RCW 49.46.090, 49.48.030, 49.52.070

F. Additional Attorneys' fees pursuant to all applicable factors outlined in *Bowers v. Transamerica Title Ins.*, 100 Wn.2d 581, 593-597 (1983);

G. Prejudgment interest pursuant to RCW 19.52.010; and

H. Such other and further relief as the Court deems just and proper.

//

//

INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 15

NOLAN LIM LAW FIRM, PS
1111 THIRD AVE SUITE 1850
SEATTLE, WA 98101
(206)963-9130

DATED this the JULY 2, 2025

NOLAN LIM LAW FIRM, PS

*s/Nolan Lim*

Nolan Lim, WSBA #36830
Nolan Lim Law Firm, PS
1111 Third Ave. Suite 1850
Seattle, WA 98101

MX LAW

s/*Morgan Mentzer*
Morgan Mentzer, WSBA #47483
710 Pacific, #8
Tacoma, WA
Mx Law, PLLC
(253) 693-0388

*Attorneys for Plaintiffs*

INDIAVIDUAL AND CLASS ACTION
COMPLAINT FOR DAMAGES - 16

**NOLAN LIM LAW FIRM, PS**
**1111 THIRD AVE SUITE 1850**
**SEATTLE, WA 98101**
**(206)963-9130**